**Slip Op. 06-62**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

_____
                                        :
FORMER EMPLOYEES OF COMPUTER            :
SCIENCES CORPORATION,                   :
                                        :
          Plaintiffs,                   :
                                        :
          v.                            :    Court No. 04-00149
                                        :
UNITED STATES SECRETARY OF LABOR,       :
                                        :
          Defendant.                    :
_____:

## JUDGMENT

On September 22, 2003, a petition for trade adjustment assistance ("TAA") was filed on behalf of the Former Employees of Computer Sciences Corporation ("Plaintiffs"). On October 24, 2003, the United States Department of Labor ("Labor") denied Plaintiffs' petition. See Negative Determination Regarding Eligibility To Apply for Worker Adjustment Assistance, TA-W-53,209 (Dep't Labor Oct. 24, 2003) published at 68 Fed. Reg. 66,878 (Dep't Labor Nov. 28, 2003). Labor determined that Plaintiffs did not produce an article within the meaning of Section 222 of the Trade Act of 1974,as amended 19 U.S.C. § 2272 (West Supp. 2004) (the " Trade Act"). Plaintiffs challenged Labor's determination on November 24, 2003. Labor again denied Plaintiffs' request for certification. See Notice of Negative Determination on Reconsideration for Computer Sciences Corporation, Financial Services Group ("FSG"), East Hartford, Connecticut,(Dep't Labor Feb. 3, 2004) published at 69 Fed. Reg. 8,488 (Dep't Labor Feb. 24, 2004). Labor found that although the Plaintiffs produced software, they were nonetheless ineligible to apply for TAA benefits since Computer Sciences Corporation ("CSC") neither shifted software production abroad nor imported software directly competitive with that produced at the subject facility.

On March 15, 2004, Plaintiffs sought judicial review and filed a letter with the Court which the Clerk of the Court deemed as the filing of a summons and complaint. On May 28, 2004, Labor filed a consent motion for voluntary remand indicating that it would further investigate conflicting information in the record. The

Court granted this motion on June 2, 2004.  Labor again denied Plaintiffs' eligibility for TAA benefits in its <u>Notice of Negative Determination on Reconsideration on Remand for Computer Sciences Corporation, Financial Services Group, East Hartford, Connecticut,</u>(Dep't Labor July 29, 2004) <u>published at</u> 69 Fed. Reg. 48,526 (Dep't Labor Aug. 10, 2004).  On remand, Labor determined that all storing and copying functions remained in the United States, packing functions did not shift to India and CSC did not import software directly competitive with that produced at the subject facility.  On April 14, 2005, the Court remanded the matter to Labor with instructions to investigate whether Plaintiffs produced code and if they did, whether the production of code shifted to India.  On its second remand, Labor again determined that Plaintiffs were not eligible for TAA certification because Plaintiffs do not produce an article under the Trade Act.  <u>See Notice of Negative Determination on Remand for Computer Sciences Corporation, Financial Services Group, East Hartford, Connecticut,</u>(Dep't Labor Aug. 24, 2005) <u>published at</u> 70 Fed. Reg. 52,129, 52,130 (Dep't Labor Sept. 1, 2005).  On January 27, 2006, the Court again remanded while instructing Labor to adequately explain its conclusion as to why software code is not an article under the Trade Act.  On March 24, 2006, Labor filed its <u>Notice of Revised Determination on Remand</u> ("Remand Determination"), TA-W-53,209 (Dep't Labor March 2006) <u>published at</u> 71 Fed. Reg. 18355 (Dep't Labor Apr. 11, 2006).


In its <u>Remand Determination</u>, Labor determined  that Plaintiffs produced an intangible article (financial software) that would have been considered an article if it was embodied in a physical medium. As such, "[s]oftware and similar intangible goods that would have been considered articles for the purposes of the Trade Act if embodied in a physical medium will now be considered articles regardless of their method of transfer." <u>Remand Determination</u>, 71 Fed. Reg. at 18355.  Labor further determined that as a result of CSC shifting production of software abroad and an increase in imports of software like or directly competitive with that produced at the subject facility, employment at the subject facility declined.  Labor therefore certified Plaintiffs as being eligible for TAA benefits.


Upon consideration of Labor's <u>Remand Determination</u>, Plaintiff's Comments, and other papers and proceedings filed herein; it is hereby

**ORDERED** that Labor's decision to certify Plaintiffs as eligible to receive TAA benefits is supported by substantial evidence and is otherwise in accordance with law; and it is further

**ORDERED** that Labor's <u>Remand Determination</u> filed on March 24, 2006, is affirmed; and it is further

**ORDERED** that this case is dismissed.

/s/ Nicholas Tsoucalas

NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated:    May 1, 2006
           New York, New York